QUESTION: Should that provision of Ch. 74-190, Laws of Florida, to be codified as s. 171.044(1), F.S. (1974 Supp.), (voluntary annexation) be interpreted as referring to s. 171.043 (character of the area to be annexed), rather than s. 171.042 (prerequisites to annexation)?
SUMMARY: Although the reference to the "standards of s. 171.042" contained in that section of Ch. 74-190, Laws of Florida, to be codified as s. 171.044(1), F.S. (1974 Supp.), (voluntary annexation) rather than to the standards of s. 171.043, F.S. (1974 Supp.), may have been inadvertent, the safer course would be to assume that, until legislatively or judicially clarified to the contrary, the prerequisites to annexation established by s.171.042 (which incorporate by reference the standards of s.171.043) must be followed when property is voluntarily annexed pursuant to s. 171.044. For clarification purposes, all further reference herein to the provisions of Ch. 74-190, Laws of Florida, will be to the corresponding statute sections provided therein. Section 171.044(1) provides as follows: The owner or owners of real property in an unincorporated area which meets the standards of s. 171.042, each parcel of which is contiguous to the municipality, may petition the governing body of such municipality that said property be annexed to the municipality. (Emphasis supplied.) Section 171.042 provides in part that Prior to commencing annexation procedures under s. 171.041, the governing body of the municipality shall prepare a report setting forth the plans to provide urban services to any area to be annexed and the report shall include the following: * * * * * (2) A statement certifying that the area to be annexed meets the criteria in s.171.043 . . . . (Emphasis supplied.) Section 171.043 provides in part that A municipal governing body may propose to annex an area only if it meets the general standards of subsection (1) and the requirements of either subsection (2) or (3) . . . . You suggest that, since the "standards" which all property must meet in order to be annexed are provided in s. 171.043, F.S. (1974 Supp.), and not s. 171.042, F.S. (1974 Supp.), the reference to s. 171.042
contained in s. 171.044(1) should properly be to s. 171.043. Initially, it should be stated that this office has no authority to change the reference in question by editorial revision. Section11.242(5)(h), F.S., may give such authority to the Joint Legislative Management Committee of the Florida Legislature. In order to be of some assistance, however, the following summary of the legislative history of Ch. 74-190, supra, may be of assistance to you. As originally introduced in the House, that section of HB 2730 which provided for voluntary annexation did not refer to any standards prescribed in another section of the bill. However, the original version of the companion Senate Bill, SB 619, in that section which provided for voluntary annexation, required that the property to be annexed "meet the standards of s. 171.042." (Emphasis supplied.) However, in this Senate version, s. 171.042
was, in fact, the section entitled "Character of the area to be annexed." The Committee Substitute for HB 2730 (which became Ch. 74-190) picked up this reference to "the standards of s. 171.042;" but, in the same committee version, the pertinent sections of the bill were renumbered, so that the section entitled "Character of the area to be annexed" was to be codified as s. 171.043 and that section entitled "Prerequisites to annexation" was to be codified as s. 171.042. As finally enacted, therefore, CS for HB 2730, in s. 171.044(1), F.S., relating to voluntary annexation, refers to "the standards of s. 171.042," but s. 171.042 concerns the prerequisites to annexation. That section entitled "Character of the area to be annexed," numbered s. 171.042 in the original version of the Senate bill, is now s. 171.043. Thus, it appears upon examination of the different versions of the bills involved, that the reference in s. 171.044(1), F.S. (1974 Supp.), to the "standards of s. 171.042" rather than the standards of s. 171.043, F.S. (1974 Supp.), may have been inadvertent. Again, however, this office cannot of its own accord rectify such a mistaken reference — if, indeed, there be one. I would suggest, therefore, that, until legislatively or judicially clarified to the contrary, the safer course would be to assume that the prerequisites to annexation established by s. 171.042 (which incorporate by reference the standards of s. 171.043) must be followed when property is voluntarily annexed pursuant to s. 171.044.